**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | NOT FOR PUBLICATION |
| LEON GAUSE, | Chapter 13 |
| Debtor. | Case No. 25-11864 (JPM) |

**MEMORANDUM OPINION AND ORDER DENYING THE**
**DEBTOR'S MOTION TO REOPEN**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.        INTRODUCTION

On February 6, 2026, the Court issued an order dismissing the Chapter 13 case of Leon

Gause (the "**Debtor**") (the "**Dismissal Order**").  (Dkt. No. 34).  The Clerk's Office closed the

Debtor's case pursuant to the Dismissal Order on February 17, 2026.  Before the Court is the

Debtor's *Motion to Reopen Chapter 13 Case* (the "**Motion**"), dated March 10, 2026.  (Dkt. No.

39).  For the reasons stated below, the Motion is **DENIED**.

## II.       BACKGROUND

On August 23, 2025, the Debtor filed a voluntary petition for Chapter 13 relief in this

District.  (Dkt. No. 1).

On August 26, 2025, the Clerk's Office issued a deficiency notice (the "**Deficiency**

**Notice**"), identifying multiple required documents that had not been filed, including: (i) a

statement of current monthly income and calculation of commitment period; (ii) a Chapter 13

model plan; (iii) schedules G, H, I, and J; (iv) a statement of financial affairs; and (v) a summary

of assets and liabilities.  (Dkt. No. 6).  The Deficiency Notice expressly warned, in bold, that

"failure to cure those deficiencies identified" would result in "dismiss[al] without further notice on or after the forty-sixth (46th) day following the commencement of the case." (*Id.*).

Also on August 26, 2025, the Debtor filed an application to pay filing fees in installments, which the Court granted on August 27, 2025. (Dkt. Nos. 7, 8). The Debtor subsequently cured the initial filing deficiencies on September 15, 2025. (Dkt. No. 18).

On December 1, 2025, the Chapter 13 Trustee (the "**Trustee**") moved to dismiss the Debtor's case under 11 U.S.C. § 1307(c) (the "**Motion to Dismiss**"). (Dkt. No. 31). The Trustee asserted multiple independent grounds for dismissal, including:

(1)    failure to attend the section 341 meeting of creditors as required by § 343;
(2)    failure to file a Chapter 13 in the correct Southern District of New York form, as required by § 1321;
(3)    failure to timely make Chapter 13 plan payments to the Trustee, as required by § 1326(a)(1);
(4)    failure to file evidence that the Debtor has completed an instructional course on personal financial management, as required by § 1328(g)(1);
(5)    failure to file a certification that all domestic support obligations have been satisfied, as required by § 1328(a); and
(6)    failure to provide the Trustee with copies of his 2024 federal and state income tax returns, as required by § 521(f)(1). (*Id.*).

The Court held a hearing on January 15, 2026 (the "**Hearing**"). As of the Hearing date, the Debtor had not cured the deficiencies identified in the Motion to Dismiss and had not filed a response. Finding "cause" under § 1307(c), the Court granted the Motion to Dismiss and issued the Dismissal Order on February 6, 2026. (Dkt. No. 34).

On March 10, 2026, the Debtor filed the instant Motion seeking to reopen the case pursuant to 11 U.S.C. § 350(b). (Dkt. No. 39). The Debtor asserts that his failure to comply with the requirements identified in the Trustee's Motion to Dismiss "resulted from excusable neglect," citing "confusion during [a] transition of counsel, lack of proper notice of [the Trustee's Motion to Dismiss], and technical issues related to a scheduled Zoom hearing." (*Id.*).

2

The Debtor further asserts the § 350(b) relief is warranted because creditor Mako International ("**Mako**")—which he claims "never filed a proof of claim"—allegedly violated the automatic stay by foreclosing on the Debtor's property without first obtaining stay relief.  (*Id*.). The Debtor also alleges that Mako subsequently conveyed the property to a third-party purchaser in connection with the unauthorized foreclosure, thereby raising what he characterizes as "serious concerns" of "void and voidable transfers."  (*Id*.).  According to the Debtor, reopening the case is necessary to address and remedy those alleged violations.  (*Id*.).

Neither the Trustee nor any creditor has filed a response to the Motion.

III.    <u>**LEGAL STANDARD**</u>

Generally, a bankruptcy case may not be "reopened" unless it was closed under 11 U.S.C. § 350.  That provision permits a bankruptcy court to reopen a "fully administered case" for certain limited purposes—to "administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b); *see also In re Ruffalo*, 652 B.R. 583, 586 (Bankr. S.D.N.Y. 2023) (noting that "a case can only be reopened if it was fully administered and closed under § 350(a)").

However, a case that is dismissed is not "closed" within the meaning of § 350 and cannot be reopened under that provision.  *See In re Locascio*, 481 B.R. 285, 289 (Bankr. S.D.N.Y. 2012) (holding that a "section 350(b) only applies to closed cases" and "it does not apply to cases that were dismissed"); *see also In re Hunt*, No. 25-11694 (JPM), 2025 WL 3760563, at *3 n.17 (Bankr. S.D.N.Y. Dec. 27, 2025) ("[A] case cannot be reopened unless it was closed pursuant to section 350(a) after it has been administered; [t]herefore, a dismissed case [can]not be reopened under section 350(b).").  Thus, a motion styled as one to "reopen" a dismissed case is more properly construed as a motion for relief from a dismissal order.  Such motions are governed by Federal

Rule of Civil Procedure 60, made applicable by Federal Rule of Bankruptcy Procedure 9024. *See In re Wilson*, No. 22-30158 (AMN), 2024 WL 169171, at *3 (Bankr. D. Conn. Jan. 10, 2024).

Rule 60(b) permits relief from a final judgment or order, including an order of dismissal, for specified reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (quoting Fed. R. Civ. P. 60). "A motion made under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*.

## IV.    ANALYSIS

As a threshold matter, the Debtor's request to "reopen" his Chapter 13 case under § 350(b) is procedurally improper. The Debtor's case was dismissed—not closed after full administration—and therefore cannot be reopened under § 350(b). *See Locascio*, 481 B.R. at 289. Accordingly, the Court construes the Motion as one seeking relief from the Dismissal Order under Rule 60(b).

The Court finds that the Debtor has failed to carry his burden under Rule 60(b). The Debtor principally relies on "excusable neglect" as grounds for relief, asserting "confusion during a transition of counsel, lack of proper notice of the Trustee's Motion to Dismiss, and technical issues related to a Zoom hearing." (Dkt. No. 39). But none of those assertions establish "excusable neglect" within the meaning of Rule 60(b)(1).

4

To demonstrate "excusable neglect," a movant must "show good faith and a reasonable basis for noncompliance." *Blandford v. Broome Cnty. Gov't*, 193 F.R.D. 65, 69 (N.D.N.Y. 2000) (citing *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998)). Although "excusable neglect is an elastic concept," the Second Circuit has emphasized that courts must "scrutinize the reason given for the [noncompliance], including whether the [noncompliance] was within the reasonable control of the party seeking [relief]." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005). Courts in this Circuit recognize two elements of "excusable neglect": (1) the failure must be a product of "neglect"—such as "inadvertence, carelessness, and mistake"—and (2) the neglect must be "excusable" under the circumstances. *Campanella v. O'Flynn*, No. 10-CV-6236-FPG, 2017 WL 1541227, at *2 (W.D.N.Y. Apr. 28, 2017) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)).

Nothing in the record indicates that the dismissal resulted from circumstances beyond the Debtor's reasonable control. The Trustee's Motion to Dismiss identified multiple independent statutory grounds under § 1307(c), including the failure to attend the § 341 meeting, commence plan payments, file required certifications, and provide tax returns. (Dkt. No. 31). The Debtor had ample opportunity to cure those deficiencies before the Hearing but failed to do so. Confusion associated with a change of counsel does not provide a justifiable basis for "neglect" because that is a circumstance reasonably within the Debtor's control. *See Felix v. City of Poughkeepsie*, No. 16-CV-1131 (NSR), 2019 WL 5306981, at *6 (S.D.N.Y. Oct. 18, 2019) (holding that "failure … due to negligence of former counsel does not amount to an exceptional circumstance beyond Plaintiff's control"); *see also In re Tronox Inc.*, No. 09-10156 (MEW), 2024 WL 3664206, at *15 (Bankr. S.D.N.Y. Aug. 5, 2024) (citing *In re Davis*, 936 F.2d 771, 774 (4th Cir. 1991)) (holding

5

that "excusable neglect" required proof of circumstances beyond the party's control and that a delay due to lack of diligence was not sufficient).

Nor has the Debtor sufficiently demonstrated circumstances that would render his noncompliance "excusable." A transition of counsel does not relieve a Chapter 13 debtor from his obligations to comply with basic filing requirements under the Bankruptcy Code. *See also In re Michaelesco*, 312 B.R. 466, 475 (Bankr. D. Conn. 2004) (holding that the fact that a Chapter 13 debtor is "appearing *pro se* does not relieve her of the obligations that the [B]ankruptcy [C]ode imposes on debtors"). Likewise, alleged technical difficulties attending the Zoom hearing are not excusable, especially when the Debtor had weeks to prepare and could have tested his equipment or sought assistance in advance of the Hearing. None of these alleged circumstances account for the Debtor's failure to timely make plan payments, attend the § 341 hearing, or cure the deficiencies identified by the Trustee. *See In re Conrad*, No. 20-50021 (JAM), 2020 WL 6811954, at *1 (Bankr. D. Conn. July 23, 2020) (citing *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010)) (finding dismissal under 1307(c) to be appropriate when a debtor does not comply with obligations under the Bankruptcy Code, including failing to appear at the § 341 meeting, failing to provide the Chapter 13 Trustee with required documents, and failing to make pre-confirmation plan payments pursuant to § 1326).

To the extent the Debtor argues that "lack of proper notice" of the Trustee's Motion to Dismiss constitutes excusable neglect, the Court is unpersuaded. A lack of notice may, in appropriate circumstances, support a finding of "excusable neglect" under Rule 60(b)(1). *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)) (noting that inadequate or "short notice" may constitute "excusable neglect"); *cf. In re Loomas*, 501 B.R. 461, 461 (B.A.P. 10th Cir. 2013) (noting that

6

"courts have held that lack of notice or delayed notice alone does not constitute excusable neglect"). However, the record reflects that the Trustee's Motion to Dismiss provided due and proper notice of the Hearing. The first page of the motion noticed the Hearing in bold and underlined text, and a certificate of service attesting to delivery of the motion to the Debtor was filed. (Dkt. No. 31). The Debtor offers no evidence rebutting the presumption of proper service. On this record, the Court finds no notice deficiency.

As to the Debtor's argument that relief under Rule 60(b)(1) is necessary to address an alleged violation of the automatic stay by Mako and a purported voidable transfer, that argument is likewise unavailing. The existence of a potential dispute with a creditor does not negate the independent statutory grounds that supported dismissal under § 1307(c). A Chapter 13 debtor must, at minimum, comply with the filing, attendance, and payment obligations imposed by the Bankruptcy Code. *See In re Burgos*, 476 B.R. 107, 114 (Bankr. S.D.N.Y. 2012) ("The Bankruptcy Code and Rules require a chapter 13 debtor to file financial disclosures, a plan, and other information within set deadlines."). Those obligations are fundamental to the reorganization process. *See id.* Because the Debtor failed to satisfy them, dismissal of his case was proper.

## V.    **CONCLUSION**

Accordingly, the Debtor has failed to establish excusable neglect or any other ground warranting relief under Rule 60(b). For the foregoing reasons, the Debtor's Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 31, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE